SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00062-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CARLOS LOPEZ SEAMAN,** | |
| **Defendant.** | |

### Introduction

Defendant Carlos Lopez Seaman is before the Court for sentencing following entry of a guilty plea to the charge of possession with intent to distribute cocaine (500 grams or more), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

In this case, the United States recommends a sentence of 46 months custody, followed by four years of supervised release.

///

**Government's Sentencing Memorandum**                                                    **Page 1**

**Factual Background**

**A.  The Offense Conduct**

In December 2024, the Washington County Sheriff's Office's Westside Interagency Narcotics Team (WIN) initiated an investigation into a juvenile suspect involved in selling drugs through the social media platform Snapchat and the encrypted messaging application Telegram. PSR ¶ 24. The juvenile suspect was contacted by officers in January 2025, and police found 122 suspected LSD tablets, over 200 gross grams of psilocybin mushrooms, marijuana, THC vaporizer cartridges, over $3,000, and two guns. PSR ¶ 26. Investigators reviewed the juvenile's Snapchat account data to try to find his source of supply. PSR ¶ 27. Their search revealed a possible source of supply as a Snapchat user with the account name "bandowitahbag," later identified as defendant, Carlos Lopez Seaman. *Id.*

Investigators reviewed Lopez Seaman's Telegram channel and social media data and found evidence of distribution of narcotics, including LSD, ecstasy (MDMA), marijuana, psilocybin mushrooms, THC vaporizer cartridges, and cocaine. PSR ¶¶ 28-30. A review of Lopez Seaman's Snapchat data also revealed that he sold LSD tablets the above-mentioned juvenile drug dealer on a previous occasion. PSR ¶¶ 31-33.

On February 5, 2025, investigators executed a federal search warrant at Lopez Seaman's residence in Gresham, Oregon. PSR ¶ 36. Investigators seized approximately 2.460 gross kilograms of cocaine, 202.1 gross grams of psilocybin mushrooms, 35.5 gross grams of LSD gel tablets, 43.8 gross grams of MDMA, approximately 997 net grams of marijuana, $9,428 in U.S. currency, two firearms (one with a partially obliterated serial number, another with a fully obliterated serial number), a high-capacity drum magazine capable of holding 50 rounds, a 30-

**Government's Sentencing Memorandum**                                    **Page 2**

round magazine, and two cell phones. PSR ¶¶ 37-38. Several photographs of the items seized

from Lopez Seaman's residence are included below for the Court's reference. These photographs

depict the LSD, MDMA, and cocaine.





Lopez Seaman was arrested after the search. PSR ¶ 39. On February 20, 2025, a federal

grand jury returned an indictment charging Lopez Seaman with possession with intent to

distribute cocaine, LSD, and MDMA, in violation of 21 U.S.C. § 841(a)(1) et seq.

**B.  The Plea Agreement & Guideline Computations**

On March 18, 2026, Lopez Seaman pleaded guilty to count one of the indictment,

possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii). PSR ¶ 1.

The presentence report has calculated Lopez Seaman's criminal history score to be four, and his criminal history category is III. PSR ¶ 63. The government agrees with the guideline calculations in the presentence report. PSR ¶¶ 44-55.

Under the plea agreement, the parties agreed that a one-level enhancement under USSG § 2D1.2(a)(2) applied, for the offense involving a person less than 18 years old (i.e., defendant distributing LSD to the juvenile on a prior occasion). PSR ¶ 10. After further consultation with the U.S. Probation Office and guidance from the U.S. Sentencing Commission, the parties have agreed to recommend a one level upward variance to account for this conduct, pursuant to 18 U.S.C. § 3553(a), in lieu of the 2D1.2(a) upward departure. The Probation Office has indicated that the parties' plea agreement did not "stipulate to more serious offense conduct pursuant to USSG § 2D1.2(a)," PSR ¶ 10, n. 1, and due to this lack of precision in the plea agreement, the one-level formal guideline enhancement could not be applied. The parties' intent is instead reflected in a one-level upward variance under 3553(a).

Additionally, pursuant to the plea agreement, the government recommends a three-level downward variance under 18 U.S.C. § 3553(a) for the defendant's willingness to resolve his case in an early manner. PSR ¶ 11.

Pursuant to the plea agreement, after the application of all the departures and variances described in the materials before the Court, the government recommends that the Court impose a sentence of 46 months custody and four years of supervised release. This is the low-end of the guideline range (after the application of the departures and variances).

///

///

**Government's Sentencing Memorandum**                                    **Page 4**

## Argument

### A.  18 U.S.C. § 3553(a) Sentencing Factors

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Sentencing Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . and to provide needed education, training, treatment, and care to the defendant." 18 U.S.C. § 3553(a)(2).

///

**Government's Sentencing Memorandum**                                                              **Page 5**

### B. Analysis of Sentencing Factors

A 46-month custody sentence is appropriate in this case, considering the factors set forth in 18 U.S.C. § 3553(a) and the sentencing guidelines.

Lopez Seaman was a drug dealer and source of supply involved in the distribution of cocaine and hallucinogenic substances through social media and Telegram. He also possessed two firearms in his residence when police searched his house. PSR ¶ 38. This is serious conduct, and the two-level enhancement for possession of a dangerous weapon, USSG § 2D1.1(b)(1), accounts for the heightened danger presented by the presence of the firearms in the residence with drugs. PSR ¶ 46.

This conduct was also serious because of the dangerous nature of cocaine. Cocaine is a highly addictive drug. *See* DEA Drug Fact Sheet – Cocaine, December 2024, available at https://www.dea.gov/sites/default/files/2025-01/Cocaine-2024-Drug-Fact-Sheet.pdf. Specifically, it is a central nervous system stimulant that can have serious side effects, including cardiac arrest, strokes, anxiety, and paranoia. *Id.*

Lopez Seaman's criminal history includes several prior convictions, all of which are juvenile convictions: unlawful possession of a firearm (misdemeanor), robbery II (felony), and assault III (felony). PSR ¶¶ 57-59. All of these offenses appear to have occurred within approximately one year of one another – from April 2020 through April 2021 – when Lopez Seaman was 16 and 17 years old. *Id.*

Lopez Seaman has performed remarkably well since being placed on pretrial release in this case. Aside from initial urinalysis results that were positive for marijuana (deemed to be residual levels that would have pre-dated his arrest in this case), Lopez Seaman's urinalysis tests

**Government's Sentencing Memorandum**                                        **Page 6**

have all been negative. PSR ¶ 22.[1] Lopez Seaman's computer monitoring condition was removed on July 21, 2025 due to his ongoing compliance. PSR ¶ 23. Furthermore, he has worked as a food delivery driver, rented his car for income, and recently completed cosmetology school to work as a barber in the future. *Id.* These are all positive steps that Lopez Seaman has taken to turn his life around.

Lopez Seaman also accepted responsibility in a timely manner by virtue of his guilty plea in this case. The government's recommendation incorporates his prompt notice to the government of his intent to plead guilty and accept responsibility.

The requested sentence of 46 months custody promotes respect for the law, provides just punishment, and affords adequate deterrence by holding Lopez Seaman accountable for his role in this case.

### Conclusion

Based on the foregoing, the government recommends the Court impose a sentence of 46 months custody, followed by a four-year term of supervised release, and a $100 special assessment.

Dated: June 26, 2026                                    Respectfully submitted,

                                                        SCOTT E. BRADFORD
                                                        United States Attorney

                                                        /s/*Cassady A. Adams*
                                                        CASSADY A. ADAMS, CO Bar #48807
                                                        Assistant United States Attorney

---

[1] On April 10, 2026, Lopez Seaman submitted a dilute, but not negative UA. PSR ¶ 22.

**Government's Sentencing Memorandum**                                    **Page 7**